IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ALBERT CLOYD PAYTEN, § | |
| TDCJ No. 02008148, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 7:17-cv-00049-O-BP |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Albert Cloyd Payten pursuant to 28 U.S.C. § 2254. ECF No. 1. After consideration of the pleadings and the applicable law, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DISMISS the Petition for Writ of Habeas Corpus (ECF No. 1) with prejudice as time-barred.

**I.  Background**

This case involves a Petition for Writ of Habeas Corpus filed by Albert Cloyd Payten ("Petitioner"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas. ECF Nos. 1, 11. Petitioner seeks to challenge the validity of his state convictions of aggravated robbery. ECF No. 1 at 1. Petitioner seeks federal habeas relief based on ineffective assistance of counsel, a biased jury, and a due process violation. *Id.* at 5-8. Pursuant to the Court's Order (ECF No. 7), Respondent has filed a preliminary response arguing that the

instant petition is barred by the one-year statute of limitations. ECF No. 12. Petitioner did not file a reply to the Respondent's preliminary response.

Petitioner was convicted on June 16, 2015. *See* ECF No. 12 at 3. Petitioner did not file a direct appeal. *Id.* at 3. On July 5, 2016, Petitioner properly filed a state habeas application. *Id.* at 4; ECF No 1 at 2. The application was denied on March 1, 2017. ECF No. 12 at 4; ECF No 1 at 2. Petitioner filed the instant petition on April 19, 2017.[1] ECF No. 1 at 15.

## II.   Legal Standard and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Federal habeas petitions filed *pro se* are considered filed, for purposes of the statute of limitations, on the date on which the petition is tendered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (applying the "mailbox rule" to the filing of a federal habeas petition).

28 U.S.C. § 2244(d).

Petitioner was convicted on June 16, 2015. *See* ECF No. 12 at 3. Petitioner did not file a direct appeal. *Id.* at 3. Because Petitioner was convicted by a Texas court, the Texas Rules of Appellate Procedure govern and here required that to timely appeal his conviction, Petitioner must have filed a notice of appeal within 30 days after the day the court imposed his sentence. Tex. R. App. P. 26.2(a). Petitioner's conviction thus became final under the applicable AEDPA subsection on July 16, 2015—the last day on which he could have timely filed an appeal. 28 U.S.C. § 2244(d)(1) ("The limitation period shall run from the latest of – (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review[.]"). Therefore, the one-year period in which Petitioner was required to file a petition for writ of habeas corpus would have expired on July 16, 2016.

A "properly filed" state habeas application will toll the federal statute of limitations. 28 U.S.C. § 2244(d)(2). Petitioner's first habeas application was not properly filed and was dismissed for non-compliance with the Texas Rules of Appellate Procedure. ECF No. 12 at 3-4. Petitioner properly filed a state habeas application on July 5, 2016. *Id.* at 4. This tolled the federal limitations period for 239 days, the duration of the pendency of his state habeas application. 28 U.S.C. § 2244(d)(2). Subsequently, the federal limitations period again began to run after the Texas Court of Criminal Appeals denied Petitioner's state habeas application on March 1, 2017. ECF No. 12 at 4; ECF No 1 at 2. Therefore, Petitioner's federal habeas petition was required to be filed by March 12, 2017. Petitioner failed to file his federal habeas petition within the statutory period of limitations, as the earliest possible filing date of the instant petition is April 19, 2017. *See* 28 U.S.C. § 2244(d)(1).

Petitioner is not entitled to statutory tolling of the limitations period. He has not shown any impediment to filing created by State action in violation of the Constitution or laws of the United States, he has not shown any right newly recognized by the Supreme Court made retroactive on collateral review, and he has not shown any undiscovered factual predicate underlying his grounds for relief.

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that the one-year statute of limitations is subject to equitable tolling). Under Fifth Circuit precedent, this one-year period of limitations may be equitably tolled, thereby saving a time-barred petition, only "in rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 712 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010))).

For equitable tolling to be appropriate, external forces, rather than a litigant's lack of diligence, must account for the failure of a complainant to file a timely claim. *See Glus v. Brooklyn Eastern Dist. Terminal*, 359 U.S. 231, 235 (1959) (finding a limitation period equitably tolled where the adversary misled the complainant with regard to the deadline for filing an action). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Such tolling is an extraordinary remedy that courts should extend

4

sparingly and not to what may be, at best, a garden variety claim of "excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Coleman*, 184 F.3d at 402.

"[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Furthermore, "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Fisher*, 174 F.3d at 714 (citing *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)); *see also Barrow*, 932 F.2d at 478 ("lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal rights" generally do not justify tolling).

In the instant case, Petitioner meets neither part of the test for equitable tolling. He has not demonstrated the exercise of diligence in pursuing his remedies and he has not shown extraordinary circumstances that could excuse his failure to pursue his remedies in a timely manner. *See Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (declining to extend equitable tolling where tolling argument did not explain prisoner's 11-month delay in seeking state post-conviction relief); *Byrd v. Thaler*, No. 4:10-CV-715-A, 2011 WL 208402, at *5 (N.D. Tex. Jan. 24, 2011) (finding federal petition time-barred where, even assuming state court error, petitioner waited almost five months to file (prematurely) a federal petition, and almost 11 months to file a state habeas application). Accordingly, this case is subject to dismissal as barred by the statute of limitations.

### III.   Conclusion

Because Petitioner has not shown that he is entitled to equitable tolling of his time-barred habeas petition, the undersigned RECOMMENDS that the Petition for Writ of Habeas Corpus (ECF No. 1) be DISMISSED with prejudice as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 27, 2017.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE